## JOHN H. P. JONES

*v.*

## HANNAH MILLER.

CHANCERY—*rescission of contracts.* Jones, the owner of certain lands which were incumbered by deeds of trust, conveyed the same to one Lloyd, subject to all recorded mortgages, for which Lloyd executed to him his note for $4,200. Subsequently Jones and Lloyd effected a settlement with the owner of the incumbrances, by which Jones and Lloyd and wife quitclaimed the premises to the mortgagee, Lloyd and the mortgagee at the same time executing a contract whereby the latter agreed to convey the lands to Lloyd upon the payment of $2,330.30, the amount found to be due to the mortgagee upon such settlement, in ten years at ten per cent interest. *Held*, that this transaction between the parties must be regarded as a rescission of the sale of the premises by Jones to Lloyd.

APPEAL from the Circuit Court of De Kalb county; the Hon. THEODORE D. MURPHY, Judge, presiding.

This was a bill in chancery filed in the court below by the appellant against the appellee and Charles D. Boynton, John Lloyd, Catharine R. Lloyd, and Samuel Boynton, to charge certain real estate with the payment of a note for $4,200, given by Lloyd to appellant as the purchase price upon a sale of the same by him to Lloyd. The facts in the case are fully stated in the opinion.

Mr. B. F. PARKS, for the appellant.

Messrs. KELLUM & LOWELL, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

The facts in this case, as nearly as they can be ascertained from the somewhat unsatisfactory evidence contained in the record, are as follows:

Jones was the owner of a half section of land in De Kalb county, worth about twenty dollars per acre, and incumbered by deeds of trust in favor of one Boynton. The land was sold under the deeds of trust, and Boynton became the purchaser. He was nevertheless willing to let Jones redeem, and on the 28th of June, 1859, an account was stated between them, and the indebtedness agreed upon at $1,425. The land was also incumbered by a deed of trust to Hannah Miller, and on the day last named, at the request of Jones, she paid Boynton the $1,425, and he conveyed to her the land. On the 14th of November, 1861, Jones conveyed the land to Lloyd, his son-in-law, by deed of warranty, but subject to such mortgages as were duly recorded. The consideration of this deed was $4,200, for which Lloyd executed to Jones his promissory note. There is nothing in this record to indicate when the note was to mature. It was left by Jones in the custody of his daughter, Mrs. Lloyd, and has doubtless been destroyed. Mrs. Miller began to assert her title, and on the 1st of January, 1862, Jones and Lloyd had a settlement with her, and agreed upon $2,330.33 as the amount due. Jones and Lloyd, with the wife of the latter, thereupon executed a quitclaim deed to Mrs. Miller for the premises, and at the same time a contract was executed by Mrs. Miller and Lloyd, by which the latter agreed to pay her the said sum of $2,330.33 in ten years, with ten per cent interest, and on the payment of said sum she agreed to convey to Lloyd said premises. The evidence is not very satisfactory, but we must regard it as sufficiently proven by the testimony of Mrs. Miller and Mary Jones, that this arrangement was made on the part of Jones and Lloyd as a rescission of the sale by Jones to Lloyd. The inducement to Jones to make this arrangement seems to have been, that by this new contract, Lloyd agreed to support Jones during his life, and furnish a home to his minor

children during their minority, and on procuring a deed from Mrs. Miller, Jones was to convey the north-west quarter of the land to said minor children. On the other hand Jones agreed he would help to pay for the land.

This bill was filed by Jones, on the theory that the original contract between himself and Lloyd was still in force, and prays that a vendor's lien be decreed upon the land, and Jones' interest sold in payment of his note. It is apparent from what we have stated, as the just inferences from the testimony in the case, that the Circuit Court did not err in denying the relief prayed. That contract must be considered as rescinded by the new agreement between the parties, and the conveyance by Jones and Lloyd to Mrs. Miller. If Lloyd refuses to perform his part of this contract Jones can pursue his legal remedies under the new agreement, but his rights under the old one are gone. In the view we have taken of the case, the question of usury on the part of Mrs. Miller, does not arise. The decree of the Circuit Court dismissing the bill is affirmed, but it will stand dismissed without prejudice.

*Decree affirmed.*